**FILED**
**CLERK**

6/9/2015 12:07 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
WALTER IWACHIW,

                          Plaintiff,

            -against-

CATHERINE GEORGES, ELEANOR CAMPBELL,
VINCENT ZUCCHETTO, ELENA MARTINEZ, RONALD
AARON, CUNY, JOHN DOE'S, ANN DOE'S, KEVILLE
FREDERICKSON, ABC COMPANIES, VNS (VISITING
NURSE SERVICE), and ABC COMPANY'S,

                          Defendants.
-------------------------------------------------------------------------X

MEMORANDUM & ORDER
15-CV-2988(SJF)(SIL)

FEUERSTEIN, District Judge:

On or about March 23, 2012, plaintiff Walter Iwachiw ("plaintiff") commenced this

action against defendants Catherine Georges, Eleanor Campbell, Vincent Zucchetto, Elena

Martinez, Ronald Aaron, CUNY, John Doe's, Ann Doe's, Keville Frederickson, ABC

Companies, VNS (Visiting Nurse Service), and ABC Company's (collectively, "defendants") in

the Supreme Court of the State of New York, County of New York ("the state court"), seeking

$1.2 billion dollars in damages from the defendants for their respective wrongdoing in the

alleged violation of, *inter alia*, plaintiff's civil rights.  (*See* Docket Entry 1-2.)  On May 14, 2015,

plaintiff, acting *pro se*, filed: (1) a Notice of Removal removing the action to this Court pursuant

to 28 U.S.C. § 1441(a) on the basis that this Court has original jurisdiction under 28 U.S.C. §

1331 because it arises under 42 U.S.C. §§ 1983, 1985; and (2) an application to proceed *in forma*

*pauperis*.  Since plaintiff's financial status, as set forth in his application to proceed *in forma*

*pauperis*, qualifies him to commence this action in this Court without prepayment of the filing

fee, see 28 U.S.C. §§ 1914 and 1915(a), the application to proceed *in forma pauperis* is granted.

However, for the reasons set forth below, the action is remanded to the state court pursuant to 28

U.S.C. § 1447(c).

DISCUSSION

1.      The Removal Statute

Pursuant to 28 U.S.C. § 1441(a), " . . . any civil action brought in a State court of which

the district courts of the United States have original jurisdiction, may be removed *by the*

*defendant or the defendants*, to the district court of the United States for the district and division

embracing the place where such action is pending."  28 U.S.C. § 1441(a) (emphasis added).

Similarly, 28 U.S.C. § 1446(a) sets forth the procedure for removal to be followed by "[a]

defendant or defendants desiring to remove any civil action from a State court" to a federal court.

"[S]tatutory procedures for removal are to be strictly construed, . . . because the federal courts are

courts of limited jurisdiction and because removal of a case implicates significant federalism

concerns."  Frontier Park Co., LLC v. Contreras, 35 F. Supp. 3d 264, 267 (E.D.N.Y. 2014)

(quotations and citations omitted); accord In re Facebook, Inc., IPO Sec. & Derivative Litig., 922

F. Supp. 2d 475, 480 (S.D.N.Y. 2013).  "[T]he burden is on the removing party to prove that it

has met the requirements for removal."  Ulysse v. AAR Aircraft Component Servs., 841 F. Supp.

2d 659, 666 (E.D.N.Y. 2012) (quotations and citation omitted).

Iwachiw, who is a *plaintiff* in this case, seeks to remove his action to this Court more than

three years after it was filed in the state court.  However, it is axiomatic that only defendants, not

plaintiffs, may remove an action from state court to federal court.  See Gehm v. New York Life

Ins. Co., 992 F. Supp. 209, 210 (E.D.N.Y. 1998) (citing cases); see also Shamrock Oil & Gas

Corp. v. Sheets, 313 U.S. 100, 105, 61 S.Ct. 868. 85 L. Ed. 2d 1214 (1941) (holding that the

removal privilege is limited to defendants only). Thus, regardless of whether plaintiff's notice of

removal invokes a federal question, the fact of the matter remains that plaintiff filed his

complaint under state law and in state court and there is no basis in law for plaintiff's attempt to

remove this action to federal court more than three years later. Accordingly, this action is

remanded to the state court pursuant to 42 U.S.C. § 1447(c). See, e.g. Allfour v. Bono, No. 11-

cv-1619, 2011 WL 2470742, at * 1 (E.D.N.Y, May 5, 2011), report and recommendation adopted

by 2011 WL 2470734 (E.D.N.Y. June 22, 2011) (holding that in this circuit, a procedural defect,

by itself, would authorize a *sua sponte* remand within thirty [30] days after the filing of the notice

of removal); Cassara v. Ralston, 832 F. Supp. 752, 753-54 (S.D.N.Y. 1993) (holding that 28

U.S.C. § 1447(c) authorizes a district court to *sua sponte* remand actions to state court for defects

in removal procedure within thirty [30] days after the filing of the notice of removal).

Remand to the state court is also appropriate because Iwachiw, who has a long history of

frivolous litigation in this Court, has been "enjoined from bringing any future proceedings in the

Eastern District of New York without prior permission of this Court[,]" see Iwachiw v. New

York State Dept. of Motor Vehicles, et al., 02-CV-6699(ADS)(WDW), Document No. 30 at 4,

and he did not seek, and was never granted, permission to bring this action in this Court prior to

filing his Notice of Removal. Accordingly, this action is remanded to the state court pursuant to

42 U.S.C. § 1447(c). The Clerk of the Court shall: (1) mail a certified copy of this Order to the

clerk of the Supreme Court of the State of New York, County of New York pursuant to 42

U.S.C. § 1447(c); (2) close this case; and, (3) pursuant to Rule 77(d)(1) of the Federal Rules of

Civil Procedure, serve notice of entry of this Order upon all parties as provided in Rule 5(b) of

the Federal Rules of Civil Procedure and record such service on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

**SO ORDERED.**

_____/s/_____
Sandra J. Feuerstein
United States District Judge

Dated:    June 9, 2015
          Central Islip, New York